# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JACOB E. RAGSDALE | ) | CASE NO. 5:12CV02484 |
| | ) | |
| *Plaintiff*, | ) | JUDGE SOLOMON OLIVER |
| | ) | |
| vs. | ) | |
| | ) | |
| JOSEPH SIDOTI | ) | |
| | ) | |
| *Defendant*. | ) | |

## PLAINTIFF'S MOTION IN *LIMINE*

Now comes Plaintiff, **JACOB RAGSDALE**, by and through undersigned counsel, and hereby requests this Honorable Court to issue an Order in *limine* preventing Defendant from introducing any evidence and/or testimony concerning Plaintiff's criminal arrests and/or convictions.  Reasons for this motion are stated more fully in the attached *Brief in Support*.

    Respectfully submitted,

    **/s/ Scott M. Kuboff**
    Joseph J. Triscaro (#0081029)
    Scott M. Kuboff (#0082703)
    TRISCARO & ASSOCIATES, LTD.
    30505 Bainbridge Road, Suite 110
    Solon, Ohio 44139
    Tel: (440) 248-8811
    Fax: (440) 248-1599
    jtriscaro@demarcotriscaro.com
    skuboff@demarcotriscaro.com
    *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2015, a copy of the foregoing *Motion in Limine* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system. Parties may access this filing through the Court's system

                                                     */s/ Scott M. Kuboff*
                                                    Joseph J. Triscaro (#0081029)
                                                    Scott M. Kuboff (#0082703)

**BRIEF IN SUPPORT**

It is anticipated that Defendant will seek to introduce evidence that Plaintiff, Jacob Ragsdale has been previously arrested and convicted of criminal offenses in an attempt to impugn his character and discredit his testimony. However, for the reasons that follow, this Court should preclude Defendant from introducing any evidence or testimony in this regard as the probative value is substantially outweighed by the prejudicial effect.

Evid. R. 404(A)(1) provides "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Furthermore, Evid. R. 404(B)(1) prohibits introduction of crimes, wrongs, or other acts at trial: "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Instead, such evidence is only permitted if used to show "another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Evid. R. 404(B)(2). Here, any attempt by Defendant to introduce Plaintiff's arrests or records of conviction will not be to show "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident" instead, it will be to paint him as a "criminal" and, therefore, bolster Defendant's contention that he was justified in his actions. As such, this Court should prevent Defendant from introducing such evidence as it is improper character evidence under Evid. R. 404.

Moreover, this Court should not permit Defendant from introducing such evidence to impeach Plaintiff under Evid. R. 609. Specifically, Evid. R. 609(a)(1)(A) sets forth rules when a party attempts to attack a witnesses credibility for truthfulness by using criminal convictions: "for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence . . . must be admitted, subject to Rule 403, in a civil case . . . ."

3

Accordingly, introduction of criminal convictions under Evid. R. 609 is subject to analysis under Evid. R. 403 which provides: "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Here, it is clear that the Defendant will seek to introduce such evidence, not to suggest that Plaintiff is being untruthful, rather to sway the jury to believe that Plaintiff is a "criminal" and, thus, Defendant was justified in his actions based upon that characterization. Instead of a jury determining Defendant's actions based upon the facts presented in evidence, Defendant will seek to influence the jury based upon Plaintiff's history which has nothing to do with the incident of October 11, 2012. As such, the prejudicial harm of such evidence is substantially outweighed by any probative value, if any, and, therefore, this Honorable Court should exclude the evidence pursuant to Evid. R. 403.

**WHEREFORE**, Plaintiff respectfully requests this Court to issue an Order *in limine* preventing Defendant from introducing any evidence and/or testimony concerning Plaintiff's criminal arrests and/or convictions.

Respectfully submitted,

*/s/ Scott M. Kuboff*
Joseph J. Triscaro (#0081029)
Scott M. Kuboff (#0082703)
TRISCARO & ASSOCIATES, LTD.
30505 Bainbridge Road, Suite 110
Solon, Ohio 44139
Tel: (440) 248-8811
Fax: (440) 248-1599
jtriscaro@demarcotriscaro.com
skuboff@demarcotriscaro.com
*Attorneys for Plaintiff*